Submitted on record and briefs September 14, reversed and remanded for
reconsideration October 19, 1994

## Jack G. KAADY,
*Petitioner,*

*v.*

## CITY OF CANNON BEACH
and Tolovana Inn Unit Owners Association,
*Respondents.*

## (LUBA 93-169; CA A85012)

883 P2d 867

Jack G. Kaady filed the brief *pro se.*

P. Stephen Russell III, P.C., and Copeland, Landye, Bennett and Wolf filed the brief for respondent Tolovana Inn Unit Owners Association.

No appearance for respondent City of Cannon Beach.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioner seeks review of LUBA's affirmance of the City of Cannon Beach's declaratory decision that the Tolovana Inn is a "motel" and, accordingly, is not subject to the restrictions on short term rentals of dwellings under the city's Ordinance No. 92-1. We reverse and remand.

The inn was originally allowed through a conditional use permit issued by the city in 1971, and has been the subject of subsequent zoning and other regulatory actions. The gist of petitioner's position is that all of the units comprising the inn are in separate private ownership, some of which are owner-occupied, and it is a condominium rather than a motel now and has been from its inception. Therefore, according to petitioner, the inn does not come within the exception from short-term rental regulation that Ordinance No. 92-1 and related provisions establish for motels.

The city council arrived at its conclusion that the inn is a "motel" principally by reference to the council's findings and analysis concerning the use that was allowed by the 1971 and later zoning actions and concerning the history of the inn's use. However, LUBA's opinion is essentially silent about those matters. Its holding on the principal issue it addressed turned on its conclusion:

> "[T]he city exercised its interpretative discretion in adopting the challenged decision and interpreting the term 'motel,' as defined by Ordinance No. 92-1, to include the Tolovana Inn."

LUBA then held that the interpretation was not reversible under ORS 197.829 and *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992).

LUBA added, in a footnote:

> "Petitioner contends a 1971 decision and subsequent planning actions affecting the Tolovana Inn were incorrectly decided by the city. However, the time to appeal the legal correctness of those previous planning actions has long since expired."

In one of his assignments to us, petitioner contends that LUBA erred by "construing" his second assignment to it "as a challenge to the city's 1971 decision" itself, when what he

argued instead was that the city *misinterpreted the 1971 action* in its *present* decision. Two of petitioner's other assignments to this court raise related points.

Petitioner is correct. Without suggesting a view on their merits, we agree that his assignment and argument before LUBA did raise questions about the city's determinations in the present proceeding that bear on whether what it approved in 1971 was—or later became—a motel. Independently of the meaning of Ordinance No. 92-1, which was adopted 21 years after the permit was allowed, those questions could affect the appropriate disposition of petitioner's appeal to LUBA. Correspondingly, they could also have bearing on the correctness of the city's conclusion regarding the applicability of the term "motel" in the 1992 ordinance to the use that was allowed and regulated by the earlier actions. *See Terraces Condo. Assn. v. City of Portland*, 110 Or App 471, 823 P2d 1004 (1992). Because LUBA did not address petitioners' assignment of error as we understand it, it is necessary to remand the case to LUBA to consider the assignment of error.

Through his two remaining assignments, petitioner contends that the city's action violates Article I, section 20, of the Oregon Constitution, and that LUBA lacked jurisdiction over the appeal.[1] Neither argument is meritorious.

Reversed and remanded for reconsideration.

---

[1] Petitioner initiated review proceedings through a circuit court writ of review of the city's decision, which the court transferred to LUBA. *See* ORS 19.230.